EXHIBIT # 1

**13-8-10. Prisoners subject to more than one sentence. —** (a) If a prisoner is confined upon more than one sentence, a parole permit may be issued whenever he or she has served a term equal to one-third (⅓) of the aggregate time which he or she shall be liable to serve under his or her several sentences, unless he or she has been sentenced to serve two (2) or more terms concurrently, in which case the permit shall be issued when he or she has served a term equal to one-third (⅓) of the maximum term he or she is required to serve.

(b) If a prisoner, whether in confinement or on parole, is sentenced to serve a term of imprisonment for an offense which was committed after imposition of the sentence then being served, a permit may not be issued until he or she has served in confinement at least one-third (⅓) of the term of imprisonment to which he or she is sentenced for the subsequent offense. In calculating the date the prisoner shall become eligible for a permit, the time spent in confinement on an earlier imposed concurrent sentence shall not be credited for the purposes of parole eligibility on the subsequent sentence. In the event a prisoner is convicted of two (2) or more subsequent offenses and is sentenced to multiple terms of imprisonment for those offenses, the standards contained in subsection (a) of this section shall be used to determine when he or she has served one-third (⅓) of the terms of confinement imposed for the subsequent offenses and thereby is eligible for issuance of a permit under this subsection.

**History of Section.**
P.L. 1915, ch. 1186, § 3; G.L. 1923, ch. 414, § 3; P.L. 1926, ch. 868, § 2; P.L. 1932, ch. 1933, § 1; G.L. 1938, ch. 617, § 3; P.L. 1946, ch. 1687, § 2; P.L. 1949, ch. 2161, § 1; P.L. 1956, ch. 3721, § 5; G.L. 1956, § 13-8-10; P.L. 1979, ch. 394, § 1.

## NOTES TO DECISIONS

Analysis

1. In general.
2. Constitutionality.
3. Eligibility for parole.

**1. In General.**

For an advisory opinion as to when an individual sentenced to consecutive life sentences may apply for parole, see In re Advisory Opinion to Governor, 421 A.2d 535 (R.I. 1980).

**2. Constitutionality.**

A parole board's action in first giving a convict eligibility status for parole and then subsequently taking it away based on its reinterpretation of the parole eligibility statutes did not violate due process. Lerner v. Gill, 463 A.2d 1352 (R.I. 1983).

A parole-board determination in regard to a convict's parole-eligibility status was not the equivalent of a rule subject to the ex post facto clauses of the Rhode Island and United States Constitutions. Lerner v. Gill, 463 A.2d 1352 (R.I. 1983).

Where the statute on parole eligibility had not been changed, procedural guidelines adopted and applied by the parole board after sentencing of a petitioner were not in violation of the prohibition against ex post facto laws. Skawinski v. State, 538 A.2d 1006 (R.I. 1988).

**3. Eligibility for Parole.**

The clause in subsection (a) relating to concurrent sentences cannot be read in isolation from the preceding clause. DeCiantis v. State, 666 A.2d 410 (R.I. 1995).

The trial court properly applied § 13-8-13(b) to require that the defendant serve ten years of concurrent life sentences and an additional ten years on a consecutive life sentence before becoming eligible for parole. DeCiantis v. State, 666 A.2d 410 (R.I. 1995).