EXHIBIT # 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERALD M. BROWN, JR., Petitioner, | : | |
| v. | : | CA 07-203 T |
| ASHBEL T. WALL, Respondent. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is the Application to Proceed without Prepayment of Fees and Affidavit (Document ("Doc.") #3) ("Application") filed by Petitioner Gerald M. Brown, Jr. ("Petitioner"). Because I conclude that the Application should be denied, it is addressed by way of this Report and Recommendation. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(explaining that because denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court). For the reasons stated herein, I recommend that the Application be denied and that the matter be remanded to the Rhode Island state courts.

**Discussion**

On June 1, 2007, Petitioner filed a Petition for Removal (Doc. #1) ("Petition") which seeks (or purports) to remove to this Court an action from the Rhode Island Supreme Court and/or the Providence County Superior Court. See Petition at 3. The action is Petitioner's appeal (or attempted appeal) of the July 21, 2004, denial of his second application for post-conviction relief by the Providence County Superior Court. See Petition at 1-2; see also Brown v. State, No. PM/00-2027, 2004 WL 1769145 (R.I. Super. July 21, 2004).

Petitioner alleges that he filed a notice of appeal in the state superior court on or about July 22, 2004, see Petition at 1, and that since then he has made repeated inquiries to the state supreme and superior courts as to the status of his appeal and/or the location of the court file, see id. at 1-3; see also Notice of Removal[1] at 1-4. He further alleges that as of May 29, 2007, the date of the Petition, he is still "being told that the case file is not in the R.I. Supreme Court['s] possession and may be lost." Petition at 2.

In short, Petitioner contends that his efforts to obtain judicial review by the state supreme court of the denial of his second application for post-conviction relief have been frustrated by the apparent inability of the state court system to locate the case file and/or process his appeal. See Petition; see also Notice of Removal. Therefore, according to Petitioner, he has exhausted his state remedies, and he has been compelled to seek relief in this Court. See Petition at 2-3; see also Brown v. Wall, Docket No. 04-2540, (1st Cir. Dec. 10, 2004)(judgment denying Petitioner's application for leave to file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2244(b), but granting him leave to re-file his parole-based claim in this Court pursuant to 28 U.S.C. § 2254 with regard to that claim provided he first exhausts his state remedies).

Although Petitioner asserts that this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331[2] and

---

[1] Along with the Petition, Petitioner filed an untitled five page document (not including a certification page). The Clerk docketed this document as a "Notice of Removal" and designated it as Document #2. The Court cites to this document as the Notice of Removal.

[2] 28 U.S.C. § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

that it may be removed to this forum pursuant to 28 U.S.C. §§ 1441(c),[3] 1443,[4] and 1446(a),[5] he is mistaken. This Court does

---

[3] 28 U.S.C. § 1441(c) provides:

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

[4] 28 U.S.C. § 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

[5] 28 U.S.C. § 1446(a) provides:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

not have original jurisdiction over an appeal of a decision of the Providence County Superior Court denying an application for post-conviction relief. In his second application for post-conviction relief, Petitioner is attacking his child molestation conviction and resulting thirty year sentence, see Brown v. State, 2004 WL 1769145, at *1-5, and also apparently the denial of parole from that sentence, see id. at *5-6. However, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release ...."[6] Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994); see also Fernos-Lopez v. Figarella Lopez, 929 F.2d 20, 23 (1st Cir. 1991)(noting that habeas corpus is the exclusive remedy for persons challenging the constitutionality of their confinement and seeking release). Petitioner cannot circumvent this limitation by purporting to remove an appeal from the state court to this Court.

Furthermore, 28 U.S.C. § 1441 only permits a defendant to remove a civil action commenced in state court to federal court. See 28 U.S.C. § 1441(a);[7] see also Lirette v. N.L. Sperry Sun,

---

28 U.S.C. § 1446(a).

[6] Petitioner's ability to file a habeas corpus petition in this Court is limited. The United States Court of Appeals for the First Circuit has denied at least one application by him for leave to file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2244(b). See Brown v. Wall, Docket No. 04-2540, (1st Cir. Dec. 10, 2004)(Judgment). Thus, if Petitioner wishes to file a § 2254 habeas petition in this Court, the only claim which he may raise is the alleged wrongful denial of parole. See id. If he chooses to file such a petition, this Court will then have to decide whether the alleged failure of the state courts to process and/or act on his appeal since July of 2004 satisfies the requirement that he must first exhaust his state remedies before seeking relief in this forum. See id.

[7] 28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district

Inc., 810 F.2d 533, 538 (5th Cir. 1987)("under 28 U.S.C. § 1441(a) a plaintiff may not remove to federal court[;] only a defendant may do so"). Because Petitioner initiated the second application for post-conviction relief, his status is that of a plaintiff. Therefore, he cannot remove the action to this Court.

As this Court lacks jurisdiction over the action and it has been improperly removed from the state courts, the Petition fails to state a claim upon which relief may be granted. Accordingly, I recommend that the Application be denied pursuant to 28 U.S.C. § 1915(e)(2)[8] and that the action be remanded to the state courts.

**Conclusion**

For the reasons stated above, I recommend that the Application be denied and that the action be remanded to the state courts. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within

---

> courts of the United States have original jurisdiction, **may be removed by the defendant** or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a) (bold added).

[8] 28 U.S.C. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) **fails to state a claim on which relief may be granted; or**
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).

ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
July 12, 2007

The recommendation is hereby accepted.
Ernest C. Torres
Ernest C. Torres
Chief, US District Judge
Date: 8/7/07