**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GERALD M. BROWN, JR.** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-330ML** |
| | : | |
| **A.T. WALL** | : | |

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

For the reasons identified in its accompanying memorandum of law, designated party/respondent State of Rhode Island moves to dismiss Gerald M. Brown, Jr.'s "Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody."

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Christopher R. Bush**

**CHRISTOPHER R. BUSH, #5411**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: October 5, 2007

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that I filed this document electronically on October 5, 2007, and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within motion to the following by first-class mail on the same date:

Gerald M. Brown, Jr.
P.O. Box 8274
Cranston, R.I. 02920

/s/ Christopher R. Bush

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GERALD M. BROWN, JR.** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-330ML** |
| | : | |
| **A.T. WALL** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

Petitioner Gerald M. Brown, Jr., purports to raise two claims in his Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody ("Petition"). Although Brown has not exhausted his state court remedies with respect to either claim, each lacks substantive merit as neither fails to state a claim upon which federal habeas relief could be granted. This Court should therefore dismiss or deny the Petition on the merits. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

## II. BACKGROUND

The facts material to a resolution of the instant motion do not appear to be in serious dispute.

On January 11, 1991, a Newport County jury convicted Brown of two counts of molesting his six (6) year-old daughter and one count of sexually assaulting his thirteen (13) year-old stepdaughter. See State v. Brown, 626 A.2d 228, 229-31 (R.I. 1993). Brown received concurrent sentences of thirty years to serve for each child molestation conviction and five years to serve for the sexual assault conviction. See Petition at ¶ 3. The Rhode Island Supreme Court

affirmed his convictions on June 22, 1993, see id., and the Petitioner thereafter filed two applications for post-conviction relief ("PCR") in the Rhode Island Superior Court pursuant to R.I. Gen. Laws § 10-9.1-1 et seq.

Brown filed his first PCR application in 1994 alleging ineffective assistance of trial counsel. See Brown v. State, 702 A.2d 1171, 1171 (R.I. 1997). The Superior Court denied this application after a two-day hearing in February 1995. See id. The Rhode Island Supreme Court affirmed this decision by Order dated October 23, 1997. See id.

Brown filed a second PCR application in 2000 seeking a new trial based on newly discovered evidence. See Exhibit 1 at 1 (Brown v. State, 2004 WL 1769145 at *1 (R.I. Super. 2004)). Brown amended that application to allege that he was incarcerated in violation of the parole statute, R.I. Gen. Laws § 13-8-10, and that the statute of limitations governing the crime of child molestation had expired before he was indicted in the underlying case. See id. at 2, 5. The Superior Court denied this PCR application on July 21, 2004. See id.

Brown purportedly noticed an appeal of the denial of the second PCR application to the Rhode Island Supreme Court. See Petition at ¶ 12(a) & (b) (Ground One). To date, the Supreme Court has not docketed his appeal because the Superior Court has not transferred its file to the Supreme Court, apparently because it cannot be located. See Petition at Ex. 3. After unsuccessfully attempting to remove his case to this Court pursuant to 28 U.S.C. § 1441(a) (Brown v. Rhode Island, C.A. No. 07-00203-T-DLM), Brown filed the instant Petition alleging that he is unlawfully incarcerated because he is entitled to parole under R.I. Gen. Laws § 13-8-10, see Petition at ¶ 12 (Ground One), and that any attempt by the State to help locate or

reconstruct the Superior Court file so that he could proceed with his appeal would be "fully and completely prejudicial" to Brown, see Petition at ¶ 12 (Ground Two).[1]

## III. ARGUMENT

"It is a fundamental principle of the law of federal habeas corpus in non-death-penalty cases that no habeas claim is stated . . . unless the alleged errors are violations of the Constitution, laws, or treaties of the United States." Kater v. Maloney, 459 F.3d 56, 61 (1st Cir. 2006) (citing 28 U.S.C. §§ 2241(c)(3), 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). "'There is no constitutional or inherent right for a convicted person to be conditionally released before expiration of a valid sentence.'" Thompson v. Veach, -- F.3d --, 2007 WL 2566029, *3 (7th Cir. Sept. 7, 2007) (Exhibit 3) (quoting Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979)). Due process protections will apply, however, when a state creates "a protected liberty interest in parole by enacting provisions governing parole that give a prisoner a reasonable expectation that he will be released if certain criteria are met." Id.

Section 13-8-10 of the Rhode Island General Laws provides as follows:

> If a prisoner is confined upon more than one sentence, a parole permit may be issued whenever he or she has served a term equal to one-third of the aggregate time which he or she shall be liable to serve under his or her several sentences, unless he or she has been sentenced to two (2) or more terms, concurrently, in which case the permit shall be issued when he or she has served a term equal to one-third of the maximum term he is required to serve.

---

[1] This is the third Petition for Writ of Habeas Corpus that Brown has filed in this Court. He filed a petition in November 1997 challenging his child molestation and sexual assault convictions, which this Court denied on August 28, 1998. See Brown v. Rhode Island, C.A. No. 04-665ML. Brown filed a second petition in August 2004 alleging, among other things, that he had wrongfully been denied parole. This Court denied that petition because Brown had not received permission from the First Circuit to file a second or successive petition. See Brown v. Wall, C.A. No. 04-362S. The First Circuit subsequently denied Brown's application for leave to file a second or successive habeas petition, although, in doing so, it held that, since Brown's parole argument could not have been raised in his initial § 2254 habeas petition, Brown did not require authorization from the First Circuit to file a § 2254 habeas petition asserting that claim. See Exhibit 2.

Id. Notwithstanding the use of the term "shall" in discussing when parole is available to inmates such as Brown who are serving concurrent sentences, the Rhode Island Supreme Court has rejected the argument that this language creates a non-discretionary parole procedure for prisoners serving concurrent sentences. See DeCiantis v. State, 666 A.2d 410, 413 (R.I. 1995). This is why the Superior Court denied the PCR application at issue here. See Exhibit 1 at 6-7 (Brown, 2004 WL 1769145 at *5-*6).

Since "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," Estelle, 502 U.S. at 67-68, Brown does not have a protected liberty interest in parole, see Thompson, -- F.3d at --, 2007 WL 2566029, at *4-*5 (statute providing that Board of Parole "may" authorize release on parole does not create expectancy of release that rises to level of a constitutionally protected liberty interest). As such, Ground 1 fails to state a claim upon which habeas relief may be granted.

Brown likewise fails to state a sustainable federal habeas claim in Ground 2. This claim relates to the Superior Court's failure to locate and transfer its file to the Supreme Court. In apparent response to a letter from Ronald Tutalo, Administrative Assistant to the Chief Justice of the Rhode Island Supreme Court, in which Tutalo advises Brown that the State has agreed to assist in locating or reconstructing the file, Brown alleges "prejudice and bias aspects" if the State tries to do so. See Petition at Ex. 3. Not only does Brown not identify how the State's reconstruction of the file would violate his constitutional rights, but he also ignores the fact that, under the Rhode Island Rules of Appellate Procedure, he would be an active participant in any reconstruction process and have the opportunity to voice any objections to what the State

proposes for use as the record on appeal.[2] See R.I.R. App. P. 10(e) (outlining procedure for proceeding with appeal using an agreed statement of the case).

The State would finally submit that Brown has not exhausted his state court remedies with respect to either claim because the Rhode Island Supreme Court has not adjudicated his appeal of the Superior Court's denial of his PCR application and the issue regarding the reconstructed record has not ripened.[3] See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."). Without waiving this exhaustion argument, however, this Court should dismiss the instant Petition on its merits. 28 U.S.C. § 2254(b)(2).

---

[2] The State would also note that, consistent with the representations contained in the letter that Ronald Tutalo sent to Brown, the State has and is taking steps to locate or reconstruct the lower court file.

[3] While it is true that excessive delay in the state court appellate process might, in some cases, relieve a habeas petitioner of his or her exhaustion obligation, and without conceding that the delay in the instant case is excessive, the State would note that, in this case, Brown has not used any of the available state court procedural vehicles available to him to reconstruct or substitute the lower court record for purposes of perfecting his appeal. See, e.g., R.I.R. App. P. 10(e).

## IV. CONCLUSION

For the reasons identified above, this Court should dismiss or deny Brown's "Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody."[4]

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Christopher R. Bush**

**CHRISTOPHER R. BUSH, #5411**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: October 5, 2007

[4] In accordance with Rule 5(c) of the Rules Governing Section 2254 Cases In The United States District Courts, the Department of Attorney General states that it does not possess transcripts relating to the PCR application that Brown filed in 2000. On information and belief, none of the proceedings relating to the PCR application have been transcribed.

The Department of Attorney General does possess unofficial copies of at least a portion of the transcript from Brown's 1991 trial. The official transcripts should be on file in state court and may be available upon request; the amount of time it would take to furnish the transcripts would depend on whether the file is located at the state court clerk's office or whether the clerk previously transferred the file to an off-site records center for long-term storage.

Finally, since Brown has not perfected his appeal of the denial of his PCR application, there are no briefs submitted to, or opinions issued by, the Rhode Island Supreme Court addressing the issues contained in the instant Petition.

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that I filed this document electronically on October 5, 2007, and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within motion to the following by first-class mail on the same date:

Gerald M. Brown, Jr.
P.O. Box 8274
Cranston, R.I. 02920

/s/ Christopher R. Bush