# United States Court of Appeals
## For the First Circuit

---

No. 04-2540

GERALD M. BROWN, JR.,

Petitioner,

v.

A.T. WALL, Director Of Rhode Island Department of Corrections,

Respondent.

---

Before

Selya, Lynch and Lipez, Circuit Judges.

---

JUDGMENT

Entered: December 10, 2004

Gerald M. Brown, Jr.'s application for leave to file a second or successive habeas corpus petition pursuant to 28 U.S.C. §2244(b) is denied.

Brown seeks permission to file a second or successive habeas petition based on the criteria set forth in 28 U.S.C. §2244(b)(2)(A)and (B). Before this Court can authorize an applicant to file a second or successive §2254 petition, an applicant must show either "...that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or that the claim relies on newly discovered facts that, "viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. §2244(b)(2)(A) and (B).

RECEIVED
DEC 13 2004
Executive Office
Department of Attorney General

In support of his application, Brown presents four grounds, three of which center on the 2003 decision by the United States Supreme Court in Stogner v. California, 539 U.S. 607 (2003). In Stogner, the Supreme Court held that "a [new statute of limitations] law enacted after expiration of a previously applicable limitations period violates the *Ex Post Facto* Clause when it is applied to revive a previously time-barred prosecution." Stogner, 539 U.S. at 632-33. Because the change in Rhode Island statute of limitations law on which Brown premises the first three grounds in his application occurred prior to the expiration of the previously applicable statute of limitations, Stogner is inapplicable. Furthermore, the Supreme Court has not expressly held that Stogner is retroactively applicable to cases on collateral review, a key requirement of §2244(b)(2)(A). Tyler v. Cain, 533 U.S. 656, 666 (2001); see also Sepulveda v. United States, 330 F.3d 55, 66 (1st Cir. 2003).

Without Stogner as an anchor, the first three grounds of Brown's application do not meet the statutory gatekeeping requirements of 28 U.S.C. §2244(b)(2)(A) and (B). If the gatekeeping requirements of §2244(b)(2) are not met, this Court may not authorize a second or successive habeas petition. Libby v. Magnuson, 177 F.3d 43, 49 (1st Cir. 1999).

As his fourth ground for habeas relief, Brown asserts that he has been wrongfully denied parole. Brown's wrongful denial of parole claim is not properly before this court. The AEDPA does not define what constitutes a "second or successive" application. United States v. Barrett, 178 F.3d 34, 43 (1st Cir. 1999). However, courts have generally interpreted "second or successive" to involve the application of pre-AEDPA abuse-of-the-writ principles. Id.; Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998).

Because the allegedly wrongful denial of Brown's parole could not have been raised in his first §2254 habeas petition, it is not the proper subject matter for a "second or successive" petition. James v. Walsh, 308 F.3d 162, 168 (2d Cir. 2002)(miscalculation of conditional prison release date claim is not a "second or successive" claim); Pennington v. Norris, 257 F.3d 857, 858-59 (8th Cir. 2001)(parole denial claim is not a "second or successive" claim); Crouch v. Norris, 251 F.3d 720, 723-24 (8th Cir. 2001)(inmate's challenge to the execution of his sentence is not "second or successive" because "he could not have raised his parole-related claims in his first habeas petition."); see also Hill v. Alaska, 297 F.3d 895 (9th Cir. 2002); In re Cain, 137 F.3d 234 (5th Cir. 1998). Therefore, Brown does not require authorization from this court prior to filing his parole-based claim in federal district court in the context of a §2254 habeas petition.

Accordingly, Brown's application for second or successive habeas relief is denied with regard to the first three grounds

presented and denied with leave to re-file in district court pursuant to 28 U.S.C. §2254 with regard to the fourth ground, provided Brown first exhausts state remedies pursuant to 28 U.S.C. § 2254(b)(1)(A).

By the Court:

Richard Cushing Donovan, Clerk.

By: JULIE GREGG
Operations Manager.

[cc: Gerald M. Brown, Patrick Lynch, AG, Christopher R. Bush, Esq.]