UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

GERALD M. BROWN JR.

v. CA. NO. 07-330ML

A. T. WALL

**PETITIONER'S MOTION TO OBJECT TO DEFENDANT'S MOTION TO DISMISS PETITIONER'S HABEAS WRIT**

For the reasons identified in the accompanying memorandum of Law, the Petitioner will press his rights to file his 28 U.S.C. § 2254 Writ of Habeas Corpus by a person in state custody.

20 Oct 2007
date

Respectfully Submitted,

Gerald M. Brown Jr. Pro-se
#71461, FL-39, P.O. Box 8274
Cranston, R.I. 02920

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

GERALD M. BROWN JR.

V. CA. NO. 07-330ML

A. T. WALL

## MEMORANDUM IN SUPPORT OF PETITIONER'S RIGHT TO HABEAS CORPUS WRIT

## I. INTRODUCTION

Petitioner, Gerald M. Brown Jr., Does here press that he is entitled to his petition in the Federal courts through 28 U.S.C. § 2254. As he has been unable to exhaust his state remedy with respect to his first claim as he has been stone walled in every step of appellant process in the states courts. Not only by the inexcusable loss of the petitioners file of his criminal conviction, but, by the continual mis-quoting of Decaintis v. State, 666 A2d 410, 413 (RI 1995). But, the non-commital affrontery of the State of Rhode Island Attorney Generals Office of its casual use of the Rhode Island Rules of Appellate Procedures, when the petitioner has been told over and over, that, he is not in the R.I. Supreme Court nor in the true appellate procedure and cannot present any facts to the court, nor can he be assigned an attorney to proceed in said court.

## II. BACK GROUND

The true fact are a very truthful and serious dispute between a citizen of the United States and the Unconstitutionality of a state court its Laws and their usage.

On January 11, 1991 the petitioner was convicted in the Providence County Superior Court, not at a Newport County

Superior Court as the defendant would wrongly press before this court and as stressed in the first issue before this court under claim number 1. Also this issue is in direct impact under R.I. G.L. § 13-8-10(a), petitioner was sentenced to 30 years to serve for count #1 and #2 to be served concurrently and count #3 with 5 years to serve concurrently with counts #1 and #2.

Petitioner filed his first PCR application in 1994 and denied in February 1995.

Petitioner filed his second PCR application in 2000 and pressed not only his right to parole ,but, also newly discovered evidence, evidence not previously presented, and statute of limitations violations denied summarily 21 July 2004.

This second PCR application was instantly appealed and shortly there after the file was lost and still not found as of this date which is where the petitioner has found himself since then to the present day. The petitioner is and is not in his appellant process in the state courts and thus cannot be afforded his right to the Rhode Island Rules of Appellate Procedure so aptly refer to by the defense.

**III. ARGUMENT**

Petitioner is entitled to press his right to 28 U.S.C. § 2254 Federal Habeas Corpus Writ claim, as the State of Rhode Island in its Laws and their usage has violated petitioner's right to "liberty interest in parole" as the constitutional construction of R.I.G.L. § 13-8-10(a) has both "may be" and "shall be" inthe same statute. A clear and unambiguous construction with clear Legislative Intent, which is shown as two different and distinct parts to separate "consecutive" and "concurrent" sentences.

Petitioner presses the clear difference presented in Dicantis supra. whom was an individual doing both "consecutive and concurrent along with life sentences", not only separate from the petitioner's circumstances, but, also because of the fact that life sentences are covered under a separate Law R.I.G.L. §13-8-13.

In Dicantis supra. the R.I. Supreme court states clearly:

> .... The applicant's reading of 13-8-10(a) misconstrues the clear intent of the General Assembly that created different procedures for prisoners serving only concurrent and only consecutive sentences...

The State Attorney General would have this court misconstrue the clear intent from the sever left to the sever right in the interpretation of the General Assembly's wherefore there would be no distinction at all between the use of the words "may be" and "shall be" when separated by the word **UNLESS** where as why even make any distinction at all. The defense's argument doesn't hold water and shows the unconstitutionality of the State Law in its usage by the R.I. Parole Board in its blantant biasness against the petitioner, due to his charges.

Secondly the petitioner stresses that the file that mysteriously disappeared four months after the petitioner's instant appeal notice and his secondary rule no. 15 motion presented to the R.I. Supreme Court were noted, does show a bias in this case. Because of the three year delay to even gain the small toe hold in the R.I. Supreme Court as to the fact that the case is not in the R.I. Supreme Court but some where in no man's land between

R.I. Supreme Court and the R.I. Superior Court. The petitioner has been clearly told he is not entitled to the complete Rules of the R.I. Supreme Court Rules of Appellant procedure, and for the defense counsel to foolishly suggest that the petitioner can also re-construct the lost file at this time in and of itself does show bias in its own intent.

Petitioner knows that the defense counsel would delete and add documentation to said file and the petitioner would have to fight on his own, as he was not allowed to be granted counsel in either the Supreme nor Superior Courts of the State of Rhode Island. Petitioner would be completely and thoroughly handicapped in said actions.

Finally the petitioner would press that the State would allow this travesty of justice to lie in limbo until the petitioner's time of incarceration was over in approx. 4.5 years from now and his 2254 application would be moot. Because of the 3 years plus that the petitioner has already waited is an inordinate delay and should out way the thought of exhaustion of the states remedy when the petitioner has pressed and pressed for said exhaustion and is now justifiably before this court.

12 OCT 2007
Date

Respectfully Submitted,

Gerald M. Brown Jr. Pro-Se
71461, FL-39, P.O. Box 8274
cranston, R.I. 02920

**CERTIFICATION**

Petitioner, Gerald M. Brown Jr., does hereby certify that one true copy of the motion of objection and its memorandum were sent by First Class U.S. Mail to; The Office of the Rhode Island Attorney General of Rhode Island at 150 South Main Street Providence, R.I. 02903 on this the 12 day of OCT 2007.

Gerald M. Brown Jr. Pro-Se
71461, FL-39, P.O. Box 8274
Cranston, R.I. 02920