UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERALD M. BROWN, JR., Petitioner, | : | |
| v. | : | CA 07-330 ML |
| A.T. WALL, Director of the Rhode Island Department of Corrections, Respondent | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Gerald M. Brown ("Brown" or "Petitioner"), *pro se*, filed a petition for a writ of habeas corpus seeking release from confinement. See Petition for Relief from a Conviction or Sentence by a Person in State Custody (Document ("Doc.") #1) ("Petition"). Brown is serving a term of imprisonment following his conviction of child molestation charges. See State v. Brown, 626 A.2d 228, 229 (R.I. 1993). The Attorney General of the State of Rhode Island ("Attorney General"), designated a party-respondent, filed a motion to dismiss the petition. See Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. #3) ("Motion to Dismiss"). Brown filed an objection thereto. See Petitioner's Motion to Object to Defendant's Motion to Dismiss Petitioner's Habeas Writ (Doc. #4) ("Objection"). The Motion to Dismiss has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). I have determined that no hearing is necessary. For the reasons that follow, I recommend that the Motion to Dismiss be granted and that Brown's Petition be denied and dismissed.

**Background**

On January 11 1991, a Rhode Island Superior Court jury

convicted Gerald M. Brown of two counts of child molestation and one count of sexual assault. See Brown, 626 A.2d at 229; Memorandum in Support of Petitioner's Right to Habeas Corpus Writ ("Petitioner's Mem.") at 1. The trial justice sentenced Brown to serve thirty years imprisonment on the child molestation counts and five years imprisonment on the sexual assault count, with all sentences to be served concurrently. See Brown v. State, PM/00-2027, 2004 WL 1769145, at *1 (R.I. Super. Ct. July 21, 2004) (unpublished).

Brown filed a direct appeal with the Rhode Island Supreme Court ("RISC"). See State v. Brown, 626 A.2d 228 (R.I. 1993). The RISC affirmed his conviction. See id. at 236. Brown thereafter filed an application for post-conviction relief in the state superior court pursuant to R.I. Gen. Laws 10-9.1-1 et seq., alleging ineffective assistance of trial counsel. See Brown v. State, 702 A.2d 1171 (R.I. 1997). The superior court, after an evidentiary hearing, denied his application. See id. Brown unsuccessfully appealed to the RISC. Id.

On April 18, 2000, Brown filed a second application for post-conviction relief in the state superior court, claiming, *inter alia*, that he was being incarcerated in violation of the Rhode Island parole statute, R.I. Gen. Laws 13-8-10(a).[1] See Brown v. State, 2004 WL 1769145, at *1. A superior court justice denied his application on July 21, 2004. See id. at *6. Brown thereafter purportedly filed a Notice of Appeal with the superior court and attempted to appeal this decision to the RISC. See Petition at 6-8. However, the state superior court either lost

---

[1] Petitioner's claim that he was being incarcerated in violation of the Rhode Island parole statute was not initially included in his second application for post-conviction relief. See Brown v. State, PM/00-2027, 2004 WL 1769145, at *1 (R.I. Super. Ct. July 21, 2004). However, Petitioner subsequently amended the application to include it. See id.

or misplaced the official court file. See id. at 7; see also Memorandum of Law in Support of Motion to Dismiss Petition for Writ of Habeas Corpus ("Respondent's Mem.") at 5 n.3.

On June 1, 2007, Brown filed a petition for removal in this Court wherein he sought to remove his appeal (or attempted appeal) in his second post-conviction relief petition to this venue. See Brown v. Wall, C.A. No. 07-203 T. On August 7, 2007, this Court denied Brown's petition for removal and remanded the matter to the state courts. See id. It is unclear what further action, if any, Brown thereafter undertook to perfect his direct appeal with the RISC.

Twenty-five days later, on August 31, 2007, Brown filed the instant Petition contending that he is being incarcerated in violation of the Rhode Island parole statute, R.I. Gen. Laws 13-8-10(a). See Petition at 6. Brown also asserts in his Petition that he objects to the Attorney General's reconstruction of the state court's file in the appeal of his second application for post-conviction relief. See id. at 7.

The Attorney General has moved to dismiss Brown's Petition claiming that (1) Brown has failed to exhaust his state court remedies and (2) notwithstanding his failure to exhaust, Brown's Petition should be denied and dismissed on the merits. See Respondent's Mem. at 1, 3-5. The Attorney General also has represented that it is attempting to reconstruct the state court's file for the purposes of an appeal. See id. at 5 n.3. Brown has filed an objection to the Attorney General's Motion to Dismiss. See Objection.

## Discussion

### A. Exhaustion

Before this Court may entertain a petition for habeas relief, a petitioner must exhaust his remedies available in state court. See 28 U.S.C. § 2254(b)(1)(A). Exhaustion, in general,

requires that a federal court not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies with respect to each and every claim contained within the application. Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997). Although not a jurisdictional bar to federal review of a state court conviction, exhaustion is "'the disputatious sentry [that] patrols the pathways of comity' between the federal and state sovereigns." Id. at 261-62 (quoting Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989)) (alteration in original).

A petitioner exhausts his state court remedies by fairly presenting his claims to the highest state court with jurisdiction to consider them. O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732 (1999); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 512-13 (1971); see also Parr v. Quarterman, 472 F.3d 245, 252 (5th Cir. 2006). This means that Brown must have presented the substance of his federal constitutional claims to the state appellate court so that the state had the first chance to correct the claimed constitutional error. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988). Only if the same factual and legal theory that forms the basis of the petitioner's habeas petition has been presented to the state court will the petition for writ be properly before the federal court. Scarpa v. Dubois, 38 F.3d 1, 6 (1st Cir. 1994); Nadworny, 872 F.2d at 1096. A claim is not considered exhausted if the petitioner has the right under the law of the state to raise, by any procedure available, the question presented. See 28 U.S.C. § 2254(c).

Here, it is undisputed that Brown has failed to present either of the claims asserted in his Petition to the RISC for consideration. See Petition at 8; Petitioner's Mem. at 1; Respondent's Mem. at 5. Thus, Brown has not given the state courts an opportunity to resolve his claims through "one complete

round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845, 119 S.Ct. at 1732. Accordingly, Brown's claims are unexhausted.

In an effort to bypass the exhaustion requirement, Brown asserts that since the state courts lost or misplaced the court file, and since his appeal has been pending for three years, there is an absence of available or effective avenues to present his claims. See Objection at 2-4; see also 28 U.S.C. § 2254(b)(1)(B)(i)&(ii). Brown's assertions, however, are not persuasive.

First, there is not an absence of an available avenue to obtain relief. Rhode Island law permits an appeal to be taken from the superior court to the RISC for applications filed pursuant to R.I. Gen. Laws 10-9.1-1 et seq. See R.I. Gen. Laws 10-9.1-9 ("A final judgment entered in a proceeding brought under this chapter shall be appealable to the supreme court ...."). From all indications, the RISC is willing to entertain his appeal. See Petitioner's Exhibit ("Ex.") #3 (Letter from Tutalo to Brown of 7/26/07). Indeed, the Attorney General is (or was) in the process of reconstructing the state court file in an effort to secure an appeal. See Respondent's Mem. at 5 n.2.

Second, there is no indication that an appeal with the RISC will not be effective to adjudicate Brown's claims. While it appears that Brown's appeal has been pending for three years in the state courts, there is no suggestion that the RISC is unwilling to address his appeal. Indeed, it appears that Brown continues to have ongoing proceedings in the RISC where he can present the claims asserted in his Petition.

Accordingly, Brown's claims asserted in the Petition are unexhausted. There exists an available and effective avenue by which he may present those claims to the RISC.

**B. Merits**

Notwithstanding Brown's failure to exhaust, the Court may consider the merits of his claims. See 28 U.S.C. 2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). The First Circuit has not adopted a standard for determining when it is appropriate to deny an unexhausted claim on the merits under § 2254(b)(2). Other courts, however, have held that § 2254(b)(2) codifies Granberry v. Greer, 481 U.S. 129, 135, 107 S.Ct. 1671, 1675 (1987), which held that a federal court may deny an unexhausted claim on the merits where "it is perfectly clear that the applicant does not even raise a colorable federal claim ...." Id.; see also, e.g., Jones v. Morton, 195 F.3d 153, 156 n.2 (3rd Cir. 1999)("[Section] 2254(b)(2) is properly invoked only when it is perfectly clear that the applicant does not raise even a colorable federal claim. If a question exists as to whether the petitioner has stated a colorable federal claim, the district court may not consider the merits of the claim if the petitioner has failed to exhaust state remedies.")(internal quotation marks and citations omitted); Mercadel v. Cain, 179 F.3d 271, 276 n.4 (5th Cir. 1999)("[W]e cannot say that 'it is perfectly clear that the applicant does not raise even a colorable federal claim,' and denial of relief under § 2254(b)(2) is therefore inappropriate.") (quoting Granberry, 481 U.S. at 135, 107 S.Ct. at 1675); Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997)(reading § 2254(b)(2) in conjunction with Granberry and noting that under Granberry "if the court ... is convinced that the petition has no merit, a belated application of the exhaustion rule might simply require useless litigation in the state courts"); Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005)(holding that a federal court may deny an unexhausted petition on the merits only

when it is perfectly clear the applicant does not even raise a colorable federal claim).

Here it is perfectly clear, for the reasons stated below, that the two claims raised in Brown's Petition do not present a colorable federal claim. Accordingly, I recommend that the District Court deny and dismiss the Petition on the merits.

**1. § 2254 Standard**

The applicable standard for this Court to consider claims asserted in a state prisoner's § 2254 petition is set forth in the Anti-terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996)("AEDPA"). AEDPA significantly limits the scope of federal habeas review. AEDPA precludes the granting of habeas relief to a state prisoner unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States ...." 28 U.S.C. § 2254(d)(1). A decision is "contrary to" federal law if the state court applies a rule different from the governing law set forth in Supreme Court cases or if the state court decides the case differently from a Supreme Court case on materially indistinguishable facts. Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1831, 1850 (2002)(citing Williams v. Taylor, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519 (2000)).

To hold that a state court's decision is an "unreasonable application of" clearly established federal law, the federal habeas court must find that "the state court correctly identifie[d] the governing legal principle from [Supreme Court] decisions but unreasonably applie[d] it to the facts of the particular case." Bell, 535 U.S. at 694, 122 S.Ct. at 1850 (citing Williams, 529 U.S. at 407-08, 120 S.Ct. at 1520-21). In making this determination, a federal habeas court should ask whether the state court's application of clearly established

federal law was objectively unreasonable. Bell, 535 U.S. at 694, 122 S.Ct. at 1850.

The Court should be mindful that in order to grant habeas relief, the state court decision must be objectively unreasonable as opposed to merely incorrect. Id. A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Id. Rather, that application must also be unreasonable. Id. The Court's focus "is not how well reasoned the state court decision is, but whether the outcome is reasonable." Hurtado v. Tucker, 245 F.3d 7, 20 (1st Cir. 2001).

**2. Claims**

As his first basis for relief, Brown asserts that he is incarcerated in violation of R.I. Gen. Laws § 13-8-10(a). See Petition at 6. Brown contends that § 13-8-10(a) requires the state parole board to grant him parole since he has served one third of his sentence. See id.

It is a fundamental principle of the law of federal habeas corpus that no habeas claim is stated unless the alleged errors are violations of the Constitution, laws, or treaties of the United States. Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475, 480 (1991). Under the standards articulated in the AEDPA, Brown must demonstrate that the relevant state court decision was contrary to, or an unreasonable application of, federal law. 28 U.S.C. § 2254(d)(1). Here, however, Brown claims to be incarcerated in violation of state law. See Petition at 6. Claimed violations of state law are not cognizable in a § 2254 petition. See Kater v. Maloney, 459 F.3d 56, 61 (1st Cir. 2006) ("Errors based on violations of state law are not within the reach of federal habeas petitions unless there is a federal constitutional claim raised."). Thus, this claim, as framed by

Brown, is outside the Court's purview.

To the extent that Brown may be asserting that his denial of parole violated the due process clause, such a claim is equally without merit. In order for due process protections to apply, there must be a protected liberty or property interest. See Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103 (1979). However, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Id. at 7, 99 S.Ct. at 2104. A valid conviction constitutionally extinguishes the prisoner's right to liberty for the duration of his sentence. Id. (citing Meachum v. Fano, 427 U.S. 215, 224, 99 S.Ct. 2532, 2538 (1976)).

A state may potentially create a protected liberty interest in parole by enacting provisions governing parole that give a prisoner a reasonable expectation that he will be released if certain criteria are met. See Heidelberg v. Ill. Prisoner Review Bd., 163 F.3d 1025, 1026 (7th Cir. 1998)(citing Greenholtz, 442 U.S. at 12, 99 S.Ct. at 2106; Bd. of Pardons v. Allen, 482 U.S. 369, 376, 107 S.Ct. 2415, 2419-20 (1987)). Whether a state statute provides an entitlement protected under the due process clause must be decided on a case by case basis. Greenholtz, 442 U.S. at 12, 99 S.Ct. at 2106.

Here, the Rhode Island parole statute upon which Brown relies provides:

> (a) If a prisoner is confined upon more than one sentence, a parole permit may issue whenever he or she has served a term equal to one-third (1/3) of the aggregate time which he or she shall be liable to serve under his or her several sentences, unless he or she has been sentenced to serve two (2) or more terms concurrently, in which case the permit shall be issued when he or she has served a term equal to one-third (1/3) of the maximum term he or she is required to serve.

See R.I. Gen. Laws 13-8-10(a).

The RISC, when interpreting this provision, found that the clause referring to concurrent sentences cannot be read in isolation from the preceding clause. DeCiantis v. State, 666 A.2d 410, 413 (R.I. 1995). Brown, like the defendant in DeCiantis, argues that according to the language of § 13-8-10(a), the parole board is required to grant him parole. The RISC, however, has declared that the interpretation of § 13-8-10(a) suggested by the defendant in DeCiantis (and by Brown here) would be contrary to public policy and in contravention of the clear intent of the Legislature. Id.

When adjudicating Brown's claim, the state superior court, in accordance with DeCiantis, found that Brown's assertion that the parole board was required to grant him parole ignored the entirety of the statute. See Brown v. State, PM/00-2027, 2004 WL 1769145, at *5-6 (R.I. Super. July 21, 2004). The superior court found that the parole board retains discretion when making determinations as to whether to grant an inmate parole and denied relief. Id. at *6.

Because the state parole statute, as interpreted by the RISC, does not contain mandatory language creating the expectancy of release, Brown does not have a cognizable liberty interest in parole. Therefore, Brown's due process rights were not implicated. Consequently, the state court decision on this matter was neither contrary to, nor an unreasonable application of, federal law.

As his second and final basis for federal habeas relief, Brown objects to the Attorney General's reconstruction of the state court's file in his appeal of his second application for post-conviction relief. However, since this claim does not present an identifiable constitutional claim, it should be summarily rejected. Moreover, Rule 10(f) of the Rhode Island

Rules of Appellate Procedure provides an avenue in which Brown may object in the state courts if he thinks the record on his appeal is inaccurate or incomplete in some manner.

**Conclusion**

For the reasons stated above, I recommend that the Attorney General's Motion to Dismiss be granted and that Brown's Petition be denied and dismissed. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days[2] of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
February 5, 2008

[2] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a).