UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

Gerald M Brown Jr

Vs C.A.NO 07-330ML

A.T.WALL

**OBJECTION TO MAGISTRATE"S**

**REPORT AND RECOMMENDATION**

Petitioner, Gerald M Brown Jr, does hereby object to Magistrate Martins Report and Recommendation at this time properly and within time, as received on 8 Feb 2008

**JURISDICTION**

This Court enjoy's full jurisdiction under Fed R. Civ. P. 72 (b); DRI LR.Cv 72 (d).

**FACTS OF CASE**

Petitioner, Gerald M Brown Jr, Was convicted unlawfully in Providence Superior Court, Providence ,RI on 11 Jan 1991 and imprisoned at the Adult Correctional Institution Cranston, RI. After being Sentenced to three (3) concurrent terms the first for 30 years, the second for 30 years and the 3rd to 5 years with no suspension nor probation but all terms to serve.

Petitioner timely filed for a direct appeal that was denied see State V Brown

626 A2d 228 (RI 1993).

Petitioner timely filed for Application of Post Conviction Relief Pursuant to R.I.G.L. 10-9.1-1 for ineffection assistance of counsel of trial counsel that was denied and timely appealed to the RI Supreme Court see Brown V State 702 A2d 1171 (1997) that was also denied.

On April 18,2000 file a second Post Conviction Relief for newly discovered medical evidence and evidence not previously presented that bares material facts as to actual innocence, and amended to include allegations that state indicted beyond statutes of limitations when all Attorney's of record were ordered to turn over all files to Petitioner to proceed Pro/Se. After Nov 2000 Petitioner again Amended Application for Post Conviction Relief to included claim of loss of liberty interest in violation of R.I.G.L. 13-8-10 (a). A Providence Superior Court Justice denied Application on 21 July 2004 and Petitioner timely filed for Appeal of denial with the RI Supreme Court (see exhibit #1) properly stamped notice of Appeal from 27 July 04 by Superior Court Clerk.

Petitioner proceeded to wait for approx 2 years for the start of his appeal without any 12 A date to be available to proceed by RI Supreme Court Rules. But, has been told on several occasions that Petitioner criminal file has been lost and until said file was sent to the RI Supreme Court he was not officially in the RI Supreme Court is and not able to avail the use of Supreme Court Rules.

Petitioner filed for a Writ of Habeas Corpus under 28 USC § 2254 C.A.NO. 04-2540, but was told by District Court of Appeals whom refused to grant a second or successive § 2254. On the said § 2254 refusal by the first Circuit it was also noted that parole issue could be raised on new § 2254 after exhaustion of State remedies.

Petitioner has been trying since July 2004 to press for exhaustion of state remedies. but, has been stone walled the entire time he has even motioned several

times for appointment of counsel in the state Superior Court and in the RI Supreme Court only to be told NO! that he is not properly in either Court due to lost Criminal file. Thus Petitioner has no true avenues to exhaust in state Court for parole issue that, was partial addressed by First Circuit Court of Appeals in denial of second or successive § 2254.

Petitioner pressed for removal of appeal to Federal District Court CA. NO. 07-203 T-DLM. But, §1441 was denied and case sent back to state court.

Petitioner again tried to move forward with his communications with Mr. Tutalo the clerk of the R.I. Supreme Court to press the R.I.Superior Court clerks to find the lost file, when in the news the R.I. Attorney Generals Office arrested a Superior Court Clerk from the Records Dept. for destruction of Court Files. The attorney Generals Office, Mr. Christopher Bush, notified the petitioner that he could not after Due Diligence, find the missing criminal file. Mr. Bush suggested that the petitioner and the A.G.'s Office re-construct the missing file under R.I. Sup. C. R. App. Proc. #10(f). But, as stated before the petitioner is not within the jurisdiction of the R.I. Supreme Court and as such can not use the rules of App. Proc. #10 (f). So that justice delayed is justice denied.

Petitioner then after more than 3 years of trying to get justice filed a 28 USC § 2254 on the constitutionality of the construction of R.I.G.L. § 13-8-10(a) its usage of the terms "may" and "shall" and the legislative distinction between "consecutive" and "concurrent" sentences and plainly laid out the differences to deal with the two distinct choices of sentencing by the court and directions to the parole board.

On Feb. 8, 2008 Magistrate Martin's Report and Recommendation (here after R & R) to deny the petitioner's § 2254 on the Constitutional Construction of the R.I.G.L. about parole and the petitioner's loss of liberty interest. Petitioner is objecting to this R & R and his argument follows;

ARGUMENT

A. Magistrate Martin's first discussion deals with exhaustion of state remedies pointing out 28 USC §2254 (b)(1) (A) and since petitioner's argument is that if there is no viable avenue to exhaust state remedies, than exhaustion is not a block to Federal District Court from hearing and ruling on the §2254. Especially since when reading the R.I. A.G'S letter stating "might be" able to use the R.I. Supreme Court App. Proc. R. #10 (f) and the petitioner has been continually been told that he is not officially in the R.I. Supreme Court until the file has been delivered to the Supreme Court Clerk. Thus the petitioner states again "justice delayed is justice denied".

Petitioner has tried several times to seek appointed counsel from both superior and supreme courts to make sure his rights are preserved especially his 5th, 6th, and 14th Amendments to the United States Constitution. But, has been refused every time, the last being 25 Jan., 2008 by Justice Procaccini. Whom along with Mr. Bush suggested that Petitioner again appeal to the RI Supreme Court to grant appointed counsel, which the Petitioner did motion for certified on Monday 28 Jan 2008 and is still awaiting word as of todays date. Petitioner has only approx four (4) years and four (4) months to flatten his sentence and any 28 USC 2254 would become moot and again Petitioner would press that Justice delayed is justice denied.

Petitioner would also press that he is not the only person effected by a missing or lost filesin the R.I. Criminal Justice system and is in the dark as to the complete number but, personally knows of five (5). And again how many files were destroyed by the Superior Clerk and was the Petitioner's one of these files ? The Petitioner can not answer these question but knows that his 5th Amended Rights must be preserved.

B. Secondly;

Petitioner's avers Magistrate Martin wrongly states that Petitioner has not raised a colorable claim to proceed in his § 2254 when, he has shown under not just § 2254 but his secondary or successive § 2254 claim that was denied and his motion under § 1441 for removal from State Court when he challenged the Constitutional Construction of R.G.L. 13-8-10(a) when the terms "Shall" and "May" were used in one statute with a legislative distinction as to "Concurrent" and "Consecutive" sentencing;

> When "May" and "Shall are used in the same statute Constitutional Constructions states that "May" is optional and "Shall" is manditory.
>
> Koch Refining v U.S. Dept of energy 497 F Supp 879

Since in this case its not just in the same statute but in the same sentence, and legislative notes states that aggregate time is referred to as Consecutive sentencing. Magistrate Martin would have this Court believe that the R.I. Legslative just threw this statute together without any true distinction between the two different sentencing catagories. As fore Magistrate Martins quotes to Decantis V State 666 A 2d 410 @ 413 (RI 1995) Mr Decantic was sentenced to consecutive and concurrent sentences and life, which, is covered under R.I.G.L. § 13-8-13 and if one reads § 13-8-10(b) ones finds that life sentences and other or combined

Sentencing is not under § 13-8-10 (a). If one further reads in Decantis supra @ 413 one find that"if Mr Decantis were only doing concurrent sentences" it would apply. He was doing life (§ 13-8-13) and consecutive and concurrent, thus the cumlative effect is that § 13-8-10(a) must be read as Constitutional construction and correct grammer dictate, that before the unless (emphasis added) and after the unless are two distinctly different facts of law that are dealt with seperatly by Legslative intent.

1. In Magistrate Martins § 2254 standard he claims that under the AEDPA, only allows Prisoners to state Court decisions that are 'contrary to, or involved unreasonable application of, clearly establised Federal Law, as determined by the Supreme Court of the United States'... 28 USC § 2254 (d) (1). I do believe that the U.S. Supreme Court also a short time ago stated that over one(1) year for final conviction in State Court is excessive delay and the State of Rhode Island takes between seven (7) to nine (9) years to exhaust all remedies. Isn't this in direct violation of Supreme Court case Law ? and since it is clearly defined in Bell v Cone, 535 US 685,694. 122 Sct. 1831, 1850 (2002) Citing Williams v Taylor, 529 US 362, 405-06, 120 Sct 1449, 1519 (2000).

> A decision is "contray to" Federal Law if the state Court applies a Rule different from the governing law set forth in Supreme Court cases or if the state Court decides the case differently from a Supreme Court case on materially indistinguishable facts. Bell Supra

Since it has already been decided that "May Be" and "Shall be" in the same statute have been determined as "May Be " is optional and "Shall be" is manditory under Koch supra also that, if a state has parole and it does cause loss of a liberty interest than, it can be attacked in a § 2254. Than these two (2) Constitutional issues are clearly defined by the U.S. Supreme Court and show standards

to be in violation, and not just incorrect, but totally unreasonable in this matter.

The state Court defined in the above cases of Bell and Williams supra do not specify or press for any type of exhaustion nor from what State Court and such the standards used by Magistrate Martin do not barr the Petitioner but enhance his postion, of Justice delayed Justice lost and Constitutional Construction of R.I.G.L. 13-8-10(a) in the seprate and distinct sentences and plain and unanbigous legislative intent of the RI Legislature.

2. Where Magistrate Martin wrongly addresses the Petitioner's claims, he white washes and disregards all the over all information in this and all previous attempts to address the Constitutional Construction of R.I.G.L. § 13-8-10(a) and how it creates a loss of liberty interest in its interpitation by the RI Superior Court and Magistrate Martin of Decantis supra which was totally taken out side of reasoable comprehension in its fact that Decantis was not under R.I.G.L. § 13-8-10(a) but under § 13-8-13 dealing with life sentences.

In the Petitioner § 2254 he stresses that he has been effected by unnessary and unreasonable delay in his motion for appeal in the state Court and by the Statesrefusal to allow him Counsel to protect his rights. This is a due process and equal rights violation of the Constitution of the United States by the State Courts because of his conviction as a sex offender which he is held under prejudice and bias because of his charge in the RI Judicial system, especially in the Parole boards openly shown said bias in all its decisions against sex offenders.

As stated by the U.S. Supreme Court on numerious occasions Apotentially created protected liberty interest can be enacted by a state as is the case in R.I.G.L. 13-8-10(a) in its legislative distinction between "Consecutive and Concurrent" sentences and their choice of "maybe to co-inside with consective" and "shall be to co- side with concurrent" showing that the consecutive sentening as being more weighty than concurrent sentencing, and carrying it over to the Parole Law's and the parole boards disregard to said law in its policies and there usages. And because this law in its constitutional construction does create a liberty interest which makes Petitioners § 2254 viable in the Federal District Court.

> A state may potentally create a protected liberty interest by enacting previsions governing parole that give Prisoner a reasonable expection that he will be released if certain criteria are met.
> Heidelberg v ILL Prisoner Review Bd, 163 F3d 1025, 1026 (7th Cir 1998)(citing Greenholtz 442 US @ 12, 99 Sct @ 2106.

The Petitioner does believe that the distinction of concurrent verse consecutive sentencing in § 13-8-10 (a) is to give the department of corrections and the state Courts the ability to hold sway, over those individuals whom are doing only time to serve without probation or suspended sentencing. The Petitioner is one such person and as the sentencing Justice the late Thomas Needham said at sentencing I'm being as lenient as possible and if you keep yourself in good standing while incarcerated you should be out in ten (10) years. That tells me that Justice Needham was aware of the parole laws and he was also on the state Superior Court's Rules Committee.

CONCLUSION

Petioner asks this Court to reject Magistrate Martin's R & R and allow the Petitioner a full and complete hearing to prove his § 2254 and the over all prejudice being caused by the undue delay by the RI Judicial system.

2/15/08
Date

Respectfully Submitted

Gerald M. Brown Jr.Pro/Se
FL-39,P.O. BOX 8274
Cranston, RI 02920

CERTIFICATION

Petitioner, Gerald M. Brown Jr, Does hereby certify that one true copy of this motion of the objection was sent by first class US Mail to; The office of the RI Attorney General at 150 South Main street Providence, RI 02903 on this the 15 day of Febuary 2008.

Gerald M. Brown Jr. Pro/Se